## Mervin Appeal

*Lawrence M. Aglow,* for appellant.
*Lawrence E. MacElree,* for borough.

KURTZ, JR., J., April 16, 1971.—Under date of August 24, 1969, John A. Mervin, who was then being considered by the Police Chief of the Borough of West Chester for employment as a special undercover officer charged with the investigation of drug activity in the borough, made a written application to the chief for such employment. Question 24 on that application asked: "Do You Possess a Valid Operator's License?" Mervin's answer to that question was "Yes." That was a true answer as of that date.

Because of the secrecy attendant to such employment, the written application was not kept in regular police files but was retained in the safe deposit box of the Chief of Police. Mervin undertook the duties assigned to him, during one of which undertakings his identity as a policeman was disclosed, and his undercover activities were made known to the general public. Thereafter, on or about December 15, 1969, he applied for regular police employment. As he was preparing to be interviewed in connection with that application, the chief gave him the application form which he had already answered and told him to have it notarized. This was done. At that time his answer to question 24 was false in that his license to operate a motor vehicle in Pennsylvania had been suspended on the records of the proper State department as of October 28, 1969. Through inadvertence, that false answer was not corrected as of the time the jurat was attached to the application form.

In due course, the Civil Service Commission of the

borough certified Mervin for employment as a policeman. Civil Service regulations then in effect required: "All applicants must be capable of operating a motor vehicle and must possess a valid operator's license." The minutes of the meeting of borough council held on February 16, 1970, indicate that Mervin was employed as a patrolman at that meeting. However, the minutes of the same meeting also indicate that thereafter Mervin was suspended from such employment from "this date, February 16, 1970, until November 1, 1970, or the final disposition of the criminal charges against him whichever first occurs, with pay to be held in escrow by the borough. His suspension is subject to Civil Service provisions of the borough code, and he be paid if found 'not guilty' and not paid if he is found 'guilty.'" The criminal charges referred to grew out of the incidents which had earlier involved the disclosure of his police identity.

Mervin was eventually acquitted of the charges mentioned in the minutes set forth above. At a special meeting of borough council held on November 30, 1970, a letter from the borough solicitor was read which said in part: "A review of the Civil Service Records, John Mervin's Application and confirmation by the Commission, through its attorney, that it was not aware of certain information, makes me conclude that the Certification of John A. Mervin by the Civil Service Commission on January 9, 1970, was null and void. The information related to suspension of his driving privileges and an unreported occurrence in New Jersey.

"Accordingly, his appointment to the Police Department at the meeting of February 16, 1970, of the Borough Council and all other action relating to him based on the Civil Service Certification, was a nullity.

"Therefore, it is my opinion that a Motion is in order

to rescind the motion of February 16, 1970, insofar as it relates to John A. Mervin, in its entirety."

Thereafter, it was moved "that the motion of February 16, 1970, be rescinded, as it relates to John A. Mervin, in its entirety." This motion was carried.

Subsequently a hearing was had before the Civil Service Commission. Any documents or other applications which may have been employed by Mervin to obtain that hearing are not a part of this record. In any event, Mervin's counsel stated on the record of that meeting "that we are really appealing from two-fold action by the Borough, and that is with relation to the suspension of John Mervin on the one hand and the failure to reinstate on the other." The commission heard the testimony of Mervin and the chief of police. During the presentation of that testimony, a letter over the signature of an assistant attorney general of the Department of Transportation of the Commonwealth was admitted into evidence which indicated the following:

On May 31, 1968, Mervin was charged with an automobile speeding violation in the City of Philadelphia and was convicted of that offense in the Municipal Court of that city on July 15, 1968. On receipt of the notice of that conviction by the appropriate department of the State government, his license to operate a motor vehicle was suspended for 60 days effective January 8, 1969. On February 16, 1969, Mervin was charged with operating an automobile during that period of his license suspension. Other documentary evidence in the record indicates that his operating license was suspended for that offense for a period of one year from October 28, 1969. The earlier suspension had been terminated by reinstatement of his driving privileges on March 8, 1969. The letter further indicates that on November 12, 1970, the Court of

Common Pleas of Philadelphia County, Criminal Division, which then heard the speeding charge of May 31, 1968, on appeal, found Mervin not guilty of that charge.

From this situation it is argued that Mervin's driving privileges were never properly suspended; i.e., that if he was not guilty of speeding, he should not have been suspended for speeding, and if he should not have been suspended for speeding, he could not properly have been suspended again for having operated during a period of suspension. In any event, it is contended Mervin's license difficulties were straightened out before November 30, 1970, the date upon which council rescinded its prior action granting him employment.

The Civil Service Commission rendered a decision in which it concluded: (1) that it was not possessed of jurisdiction to pass upon council's action of November 30, 1970; (2) that Mervin's appointment as a policeman on February 16, 1970, was valid; (3) that Mervin was a member of the police force from February 16, 1970, to November 30, 1970, but that he had not been a member of that force after November 30, 1970; (4) that his suspension as of February 16, 1970, was improper; and (5) that the borough should pay him the wages he would have received from February 16, 1970, through November 30, 1970, had he not been suspended.

Both the borough and Mervin have appealed from that decision. The borough contends that the rescission of November 30, 1970, rendered council's prior action of February 16, 1970, a nullity, and that for that reason Mervin is not entitled to be paid anything. It also contends that because Mervin took no appeal from the suspension imposed by its council on February 16, 1970, until after the action of November 30, 1970, was

taken, he has acquiesced in that suspension and should not now be heard to complain. Mervin contends that he is still a policeman and that his employment cannot be terminated unless the formalities of charges and a hearing are afforded him as provided by the Civil Service provisions of the borough code.

Our consideration of the contending positions leads to two conclusions. First, the contract of employment entered into between Mervin and the borough on February 16, 1970, was voidable if the borough was induced to enter into that contract upon a misrepresentation by Mervin as to the status of his operator's license (see Restatement, Contracts §476), and, as such, its avoidance by the borough could only be affected as provided by the applicable principles of law relating to contracts. Second, the issue of the validity of the borough's suspension of Mervin as recorded on the minutes of the meeting of February 16, 1970, is moot. If the suspension was valid, Mervin has fulfilled the conditions which that action imposed which would entitle him to reinstatement to the police force and to the pay held in escrow pending the fulfillment of those conditions. If the suspension was invalid, then Mervin was never suspended; reinstatement would not be necessary and he would be entitled to his pay from that date until his employment was properly terminated.

The matter of the avoidance of a voidable contract is not a proper subject for adjudication by a Civil Service Commission functioning under the provisions of the borough code or by a Court of Common Pleas sitting in review of civil service action. Section 1190 of the code, Act of February 1, 1966, P. L. (1965) 1656, 53 PS §46190, sets forth the grounds upon which a police officer "shall be suspended, removed, or reduced in rank. . . ." These grounds relate to inability to perform or misconduct by the policeman which occurs

during his term of employment. Section 1191 thereof, 53 PS §46191, sets forth the procedure by which such action shall be accomplished. By its action of "rescission" on November 30, 1970, the borough did not attempt to either remove or suspend this policeman from its force. It has attempted to avoid the legal relations created by his contract of employment. See Restatement, Contracts, §13. As we have already observed, whether such action can properly be accomplished is not a question of civil service law but one of contract law which must be adjudicated in another forum, and at another time. In that regard, the commission which was asked to review that action properly concluded that it had no power so to do.

Since the issue involving the action of suspension on February 16, 1970, was moot when the Civil Service Commission reviewed the matter and is still moot, we are not now required to pass judgment as to its validity. Whether we hold it to be valid or invalid, the same result will be produced.

Accordingly, since one of the issues presented is moot and the other is not one which may be adjudicated by this court in this action, both appeals are quashed.

## SUPPLEMENTAL OPINION

KURTZ, JR., J., April 19, 1971.—Further consideration of the above matters leads us to conclude that a further explanation of our action of April 16, 1971, is in order.

By our quashing of Mervin's appeal from the decision of the Civil Service Commission, we did not intend to approve the findings of the commission that Mervin was a member of the police force from February 16, 1970, to November 30, 1970, and that his suspension of February 16, 1970, was improper. As we

indicated in our prior opinion, the question presented to the commission upon that point was moot. Therefore, there was no necessity for the commission to make a judgment upon those points as it attempted to do. Whether or not Mervin is entitled to be paid for the period February 16, 1970—November 30, 1970, or for any other period of time must ultimately await a decision as to the validity and effect of the borough's action of "rescission" which occurred on the latter date.

Our prior decision is hereby modified to the extent that the commission's conclusions that Mervin was a member of the force from February 16, 1970, to November 30, 1970, and that his suspension of February 16, 1970, was improper, are overruled.